## Commonwealth v. Mitchell

*Sandra L. Guydon*, for Department of Transportation.

*Butler Buchanon, III*, for petitioner.

NICHOLAS, *J.*, April 18, 1984—On November 22, 1983, the Commonwealth of Pennsylvania, Department of Transportation, notified petitioner, Frank Mitchell, Jr., that his operator's license was to be suspended for a period of 15 days pursuant to Section 1544 (a) of the Motor Vehicle Code, 75 Pa. C.S. § 1544 (a), which provides that "when any person's record shows an accumulation of additional points during a period of suspension or revocation, the department shall extend the existing period of suspension or revocation at the rate of five days for each additional point, and the person shall be so notified in writing." Mitchell appealed the suspension to this court. A hearing de novo was held before the undersigned on April 16, 1984.

After consideration of the evidence introduced at the hearing and the arguments and memoranda of counsel, the court makes the following

## FINDINGS OF FACT

1. On December 8, 1982, petitioner was given a traffic citation numbered 8100379 for disregarding a red traffic signal in violation of Section 3112 (a) (3) (i) of the Vehicle Code, 75 Pa. C.S. §3112 (a) (3) (i).

2. Petitioner did not immediately respond to the citation and on August 15, 1983, he received official notice from the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Safety Operations, advising him that his operator's license was scheduled to be suspended on September 5, 1983, due to failure to respond to the citation.

3. The notice further provided that:

"TO PREVENT SUSPENSION:

(1) Appear for a hearing at Philadelphia Traffic Court, 9:30 A.M., Monday, Thursday, or Friday, plead not guilty and contest violation; or,

(2) Plead guilty to the violation by sending a money order or certified check in the amount shown above:

Forty-Four Dollars ($44) to:

Philadelphia Traffic Court

800 North Broad Street

Philadelphia, Pennsylvania. 19120 215-686-8587

Failure to comply with one of the above before 09/05/83, will result in the following:

A. Your operating privilege will be suspended as authorized by Section 1533 of the Vehicle Code on 09/05/83 at 12:01 A.M."

4. On September 2, 1983, petitioner purchased a money order in the amount of $44 payable to the Philadelphia Traffic Court for fine and costs due on the citation.

5. Petitioner sent the money order to the Philadelphia Traffic Court on Saturday, September 3, 1983, by certified-return receipt mail.

6. Petitioner thus complied fully with the directions of the Commonwealth's notice of August 15, 1983, "to prevent suspension. . . by sending a money order. . . in the amount shown to Philadelphia Traffic Court. . . before September 5, 1983."

7. The money order was not received by the Philadelphia Traffic Court until Wednesday, September 7, 1983.

8. The Commonwealth takes the position that suspension nevertheless became effective on September 5, 1983, because the money order was not *received* by the Philadelphia Traffic Court before September 5, 1983.

9. Therefore, after assessing three points to petitioner's license for this violation of 75 Pa. C.S. §3112 (a) (3) (i), the Commonwealth also assessed an additional 15 day suspension period pursuant to 75 Pa. C.S. §1544 (a).

10. This is unreasonable because the suspension notice directs only that "to prevent suspension", the licensee must "send" the money order "before September 5, 1983". This is exactly what petitioner did.

11. It would be patently unfair to penalize petitioner for delays in mail delivery or hold him to action not clearly required in the notice, i.e., payment to be *received* by September 5, 1983, because the Commonwealth, now, after the fact, so interprets its notice.

12. The Commonwealth could have required that, to prevent suspension, petitioner send a money order *to be received* by the Philadelphia Traffic Court before September 5, 1983, but it chose not to do so.

13. We note further, that September 5, 1983, was Labor Day, a legal holiday.

Accordingly, the court makes the following

## CONCLUSIONS OF LAW

1. Upon appeal of an operator's license, the duty of the court of common pleas is to hear the matter de novo, make findings of fact, and exercise its discretion in determining whether the suspension is warranted. 75 Pa. C.S. §1550; Commonwealth v. Quinlan, 47 Pa. Commw. 214, 408 A.2d 173 (1979).

2. Where petitioner fully complied with the Commonwealth's notice of August 15, 1983, by sending a money order in the amount of $44 to the Philadelphia Traffic Court before September 5, 1983, petitioner prevented suspension of his license within the terms of the Commonwealth's notice.

3. Since there was no period of suspension in effect at the time the points were assessed to petitioner's license, no additional period of suspension could be assessed pursuant to 75 Pa. C.S. §1544(a).

4. Where petitioner took the necessary action, as directed by the Commonwealth, to prevent suspension of his operator's license, the Commonwealth's suspension was unreasonable and unwarranted under 75 Pa. C.S. §1550.

Based on the aforementioned findings of fact and conclusions of law, we enter the following

## ORDER

And now, this April 18, 1984, the appeal of Frank Mitchell, Jr., is sustained and the Commonwealth's suspension of his operator's license is reversed.